UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
CLOSE-UP INTERNATIONAL, INC., et al.,

        Plaintiffs,

  -against-

JOSEPH BEROV, et al.,

        Defendants.

-------------------------------X

MEMORANDUM AND ORDER

Civil Action No.
02-CV-2363 (DGT)

Trager, J:

On November 29, 2007, defendants Joseph Berov and Rigma America Corporation ("Berov" or "defendants") requested a stay of the final judgment in this case pending the outcome of defendants' appeal to the Second Circuit Court of Appeals. This request requires consideration of "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer irreparable injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood of success, on appeal, and (4) the public interests that may be affected." Lopez Torres v. N.Y. State Bd. of Elections, 462 F.3d 161, 207 (2d Cir. 2006) (quoting Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993)). Whatever the possible merits of an appeal – which this court believes to be frivolous – for the reasons stated below defendants' request must be denied.

Defendants claim that Berov would be irreparably harmed because he lacks the income or assets to pay this judgment. This claim, however, is completely contradictory to the position taken by defendants' counsel only three months ago. Previously, in response to plaintiffs' request for an order of contempt, defendants insisted that Berov's recent mortgages were a "harmless" violation of the prejudgment attachment order, because Berov's other property assets were more than sufficient to meet the requirements of the judgment. <u>See</u> Letter from Adam Richards, dated September 17, 2007. Defendants cannot, therefore, reasonably claim now that "Mr. Berov does not personally have the resources to pay the judgment, nor post security in the amount of the judgment."

Plaintiffs alerted the court to these mortgages in a letter of September 10, 2007, which noted that the mortgages violated the parties' stipulated agreement that "Berov shall not place any other mortgages or other encumbrances" on any "real property assets that he . . . maintains an interest in." <u>See</u> Amended Order to Enter a Notice of Prejudgment Attachment, dated April 25, 2007. Plaintiffs were not given an opportunity to hold a hearing on their request for an order of contempt, in light of the representation made to the court that plaintiffs had secured an attachment adequate to support the expected final judgment in this case; the fact that I had just returned to the court

2

following surgery; and because a resolution of plaintiffs' request for a final judgment including fees and costs was imminent.  Nonetheless, Berov's apparent violation of the existing prejudgment attachment order supports plaintiffs' claim that they, and not defendants, are more likely to be harmed by a stay of this judgment.

Defendants must post a supersedeas bond in the amount of the final judgment if they wish to stay the execution of this judgment pending appeal.  See Fed. R. Civ. P. 62(d).


Dated:  Brooklyn, New York
        December 13, 2007

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge