**ADAM RICHARDS**LLC

90 Broad Street, 25th Floor
New York, New York 10004

t: 212 233 4400   f: 212 812 3328
e: adam@arichardslaw.com

January 27, 2012

**VIA ECF**
The Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   ***Close Up et al. v. Joseph Berov, et al.***
> **Civil Action No. 02 Civ. 2363**

Dear Judge Cogan:

I write in response to Plaintiffs' January 24, 2012 letter.

On January 18, 2012, Your Honor issued the following Order:

> **ORDER, Plaintiffs are hereby ORDERED to update the Court on their progress in ascertaining the nature and extent to deft Berov's interests in the Dominican Republic, including the results of their due diligence on the real property identified at the November 28 status conference, by 1/25/12. *Plaintiffs must also submit a document or documents that, if executed by Berov, would be sufficient for Plaintiff to recover on these interests and allow Berov to cure his contempt. (Emphasis supplied)***

Plaintiffs have not complied with Your Honor's Order.  Mr. Berov has offered Plaintiffs the Three Rivers property either by transferring the land to Plaintiffs or by transferring the corporate entity that owns the land to Plaintiffs.  In order to expedite this transaction, Mr. Berov is ready willing and able to execute a power of attorney. Indeed, I am advised that he will be required to execute a power of attorney in order to proceed no matter what form this transaction takes. Plaintiffs know this.  Yet, despite Your Honor's January 18 Order, no power of attorney has been provided to me or to counsel in the Dominican Republic for Mr. Berov's execution.

Further, in their letter annexed as Exhibit A to Mr. Sauchick's letter, the Ferrand firm, claiming that the initial documentation provided to it was inadequate, states that "[w]e are

The Honorable Brian M. Cogan
January 27, 2012
Page 2 of 3

requesting additional needed information from Mr. Berov's attorneys which are currently cooperative." No such request has been forthcoming from the Ferrand firm, despite the Guzman firm sending follow up requests. *See* Exhibit A, annexed hereto. The fact is that, but for Plaintiffs' delay, work could begin immediately on the transaction at hand and, as the accompanying email from the Guzman firm explains, the transaction could be expedited if Plaintiffs were willing to cooperate. *See* Exhibit B, annexed hereto.

To address Mr. Sauchick's other points. First, Mr. Berov never retracted his offer to work with the Plaintiffs in developing the land. That is simply flat out wrong. That offer still stands and is, in fact, a potentially more lucrative proposal than simply transferring the land or the corporation that owns the land to Plaintiffs. It is up to Plaintiffs to decide how to proceed. We simply request that Mr. Berov not remain incarcerated while Plaintiffs make up their mind.

Second, the financial standing of Close-Up and Mr. Sheydin and Ms. Ganem is one very much of their own making and should be completely disregarded by the Court. Through the initial injunction and seizure order issued by the late Judge Trager in 2002 in this case, Close-Up put Mr. Berov out of business and essentially had the entire Russian speaking movie market to itself. Yet, rather than building on that business, the groundwork already having been laid by Mr. Berov over the previous decade, Plaintiffs chose instead to go into the litigation business and decided to pursue Mr. Berov and others. Judging by Close-Up's corporate tax returns which were introduced at trial, despite having the exclusive North American distribution rights of what Plaintiffs termed at trial the "Golden Age of Russian Cinema" and despite having put Mr. Berov out of business, and despite having unfettered access to the channels of business successfully built by Mr. Berov since the early 1990s, Close-Up simply let the movie part of its business rot. All of this is in the trial record.

The fact is that Close–Up had stars in its eyes from day one in this case. On the day of the damages trial in this case, Close-Up, through its then attorneys, sent a press release to the Russian domestic and international press claiming they would win up to $57 million in damages from Mr. Berov. A copy of the press release is annexed hereto as Exhibit C. Because of this pure fantasy, Plaintiffs never seriously engaged in attempts to resolve this matter despite my attempts, and Mr. Berov's, to engage them otherwise. To now come back to this Court, four and a half years later, and complain about their financial standing is just plain disingenuous.

Third, Plaintiffs claim that the value of the land is questionable and that they are unsure as to whether they can verify that Mr. Berov owns it. Yet it was they that initially claimed that Mr. Berov owned the land and that it appeared to be worth $950,000.00 and relied upon this in seeking to have Mr. Berov imprisoned. Attached hereto as Exhibit D is the series of emails relied upon by Plaintiffs at the contempt hearing before your Honor on January 20, 2011 and introduced by Plaintiffs as Exhibit 4 at that hearing.

The Honorable Brian M. Cogan
January 27, 2012
Page 3 of 3

Finally, Plaintiffs are wrong claiming that Mr. Berov spent thousands of dollars improving the land while he was in jail. These improvements were undertaken long before his incarceration, as is shown again by Exhibit 4 introduced by Plaintiffs at the first contempt hearing.  In that exhibit, which is dated January 7, 2010, Mr. Berov makes clear reference to the improvements that had been made to the land and cites to those improvements as reason why he would not accept the $750,000.00 offer for the Tres Rios land.

Respectfully submitted,

Adam Richards

EXHIBIT A

**Subject:** Documentos propiedad Sr. Joseph Berov (Expte. Núm. 04-35-01Sos)
**Date:**    Thursday, January 26, 2012 9:42:47 AM Eastern Standard Time
**From:**    Ana Virginia Miranda Sanz
**To:**      'Maria Mateo'
**CC:**      jbrea@drlawyer.com, 'Adam Richards'

Buenos días María:

Alguna novedad con los documentos debajo?

Atentamente,

Ana V.
**Dra. Ana Virginia Miranda**
**Abogada**
Guzmán Ariza, Abogados y Consultores
Calle Pablo Neruda No.20
Sosúa , República Dominicana.
Tel: (809) 571-2880 | Fax: (809) 571-2928
AMiranda@drlawyer.com | www.drlawyer.com
Otras oficinas en Cabrera, Las Terrenas, Samaná,
San Francisco de Macorís, Santo Domingo y
Bávaro (Punta Cana), República Dominicana.



Guzmán Ariza es el miembro exclusivo para la República Dominicana del State Capital Group, una organización que une a más de 140 despachos de abogados y 11,500 abogados en más de 72 países en cinco continentes. Como miembro del Grupo, Guzmán Ariza tiene la facilidad de asistir a sus clientes de manera muy efectiva en sus operaciones internacionales, al contar con el apoyo de las otras firmas afiliadas. Cada miembro del Grupo ejerce de manera independiente y no en una relación de sociedad.

Este mensaje y sus anexos contienen información confidencial y van dirigidos únicamente a su(s) destinatario(s). En caso de que Ud. no sea el verdadero destinatario, se le avisa que está absolutamente prohibido copiar, divulgar, distribuir o de cualquier otra forma usar el contenido de este mensaje o sus anexos, y se le solicita que proceda de inmediato a notificar al remitente del error y a borrar el mensaje y sus anexos de su buzón electrónico.

**From:** Ana Virginia Miranda Sanz [mailto:amiranda@drlawyer.com]
**Sent:** jueves, 19 de enero de 2012 11:15 a.m.
**To:** 'Maria Mateo'
**Cc:** 'jbrea@drlawyer.com'; 'Adam Richards'
**Subject:** Documentos propiedad Sr. Joseph Berov (Expte. Núm. 04-35-01Sos)

Buenos días María Teresa:

Adjunto te hago llegar los documentos de la propiedad del Sr. Joshep Berov y sus compañías tenedoras.
Te adjunto:

**Documents de Propiedad:**

- Certificado de titulo
- Plano catastral
- Certificación de estado jurídico
- Certificación de la Dirección General de Impuestos Internos indicando el valor fiscal de la propiedad (IPI).

**Corporación 70201, S.A.**

- Formulario y tarjeta de RNC
- Registro Mercantil
- Estatutos Sociales
- Certificados de acciones
- Balance financiero del año 2010 y recibos de pago de impuestos

**Perfectsea Group Development, S.A.**

- Estautos sociales
- Certificado de acción a nombre del Sr. Joseph Berov
- Registro Mercantil
- Formulario de RNC

Por favor házme saber si necesitas algún documento adicional. Por demás no dudes hacerme llegar tus comentarios o dudas.

Abrazo,

Ana V.
**Ana Virginia Miranda, Esq.**
**Attorney**
Guzmán Ariza, Attorneys-at-Law
A State Capital Group Law Firm
20 Pablo Neruda St.
Sosúa, Dominican Republic
Tel: (809) 571-2880 | Fax: (809) 571-2928
AMiranda@drlawyer.com | www.drlawyer.com
Other offices in Cabrera, Las Terrenas, Samaná,
San Francisco de Macorís, Santo Domingo and
Bávaro (Punta Cana), Dominican Republic.



Guzman Ariza is the exclusive member for the Dominican Republic of the State Capital Group, a seamless global network of more than 140 of the profession's preeminent independent law firms with more than 11,500 attorneys in near 450 offices around the world. By uniting their skills, expertise and influence, our member firms help individuals and leading and growing companies in every industry navigate a complex and ever-changing legal landscape. Member firms of the State Capital Group practice independently and not in a relationship for the joint practice of law

This message and its attachments contain confidential information sent exclusively to its intended

recipient(s). If you are not the intended recipient, you are notified that copying, disclosing, distributing or in any manner using its contents is strictly prohibited. Please notify the sender immediately by e-mail if you received this e-mail by mistake and delete this e-mail from your system.

EXHIBIT B

Thursday, January 26, 2012 4:38:57 PM Eastern Standard Time

**Subject:** Berov Property (Our File No. 04-35-01Sos)
**Date:** Thursday, January 26, 2012 11:21:12 AM Eastern Standard Time
**From:** Ana Virginia Miranda Sanz
**To:** 'Adam Richards'
**CC:** jbrea@drlawyer.com

Dear Mr. Richards:

In connection to the case of reference, and following our conversation of earlier today, allow me to explain the following regarding Mr. Berov's corporate situation:

Perfectsea Group Development, Inc. is a Panamaniam company recorded in the Dominican Republic. It's the main shareholder and controler of Corporación 70201, S.A., current holding of the "3 ríos" property.

While Perfectsea Group Development, Inc. is a duly recorded company in the Dominican Republic, and is, in consequence, treated as any other Dominican company, it does not require conversion by means of our new company law as it was not formed within Dominican territory or Dominican company laws. To this regard, it needs only to comply with its annual tax obligations and its renewal of the buisiness registry, every 2 years.

On the other hand, Corporación 70201, S.A., owner of the "3 ríos" property and Dominican born company, does require conversion into one of the new corporate structures as per the mandates of the new company statute. This is a mandatory procedure required for all companies formed before the coming into effect of the new company law in 2009.

In light of the above, Corporación 70201, S.A. could be converted or adjusted into one of the following company structures:

**Limited Liability Company (SRL):**

•   Based mostly on the current LLC's in French Company Law with certain similarities with American LLC's.
•   Chief company officer(s): one or various managers ("gerentes"). Must be individuals.
•   Minimum of two shareholders; maximum of 50. Spouses may be the sole shareholders.
•   RD$100,000 minimum capital (full amount must be paid up and deposited in a bank in order to be able to record company at Business Registry).
•   Shares not readily transferable, depending on wishes of shareholders.
•   Shareholders' liability limited to their investment in the company.
•   Ideal for small or family businesses.

**Limited Liability Individual Business (EIRL):**

•   No shareholders; one sole individual owns the business.
•   Owner must be an individual; companies cannot be an owner.
•   Owner's liability limited to his or her investment in the company
•   No minimum capital.
•   Chief Officer(s): the owner and the manager. The owner may be the manager.
•   Ideal for businesses owned by a single individual.

**Sociedad Anónima (SA):**

- Minimum capital: RD$30,000,000 (approx. $850,000 US).
- Board of Managers ("Consejo de Administración) required with a minimum of 3 members.
- "Comisario de Cuentas" required. (The Comisario de Cuentas is an independent company officer in charge of overseeing the company accounts. Comisarios de Cuentas      must be Certified Public Accountants).
- Tougher criminal penalties for SA managers compared to SRL managers.

The need for conversion became enforceable after last August 2011. Past this date non-converted companies have been prohibited to carry out any commercial activities that require registry at any of our government institutions. This meaning that it cannot record any documents in its name or sign any documents or contracts that require registry. Nonetheless, sales contracts, as would be the case -in the event the company or the property is transffered to the plaintiff.

Given the above and considering that the conversion procedure takes an approximate 2 months to be completed, I would suggest that the fastest and easiest way to convey the property into the plaintiff's name would be transfering the company shares simultaneously with the conversion. We would prepare all of the share transfering documents to include the new shareholders of the company and file together with the conversion paperwork. Once the business registry is issued, it would be issued with the updated shareholders information and new company structure.

By doing this, we would avoid having to wait the possible 2 months or so to complete the conversion, plus the additional time to change the shareholders. Instead of completing the transfer in an approximate 4 to 5 months, we would do it all together in an approximate 2 months. Most importantly, we would avoid changing the name in the title which may take and additional 5 to 6 months.

Please do not hesitate contacting me shall you require any further clarification or information regarding the above.

Regards,

Ana V.
**Ana Virginia Miranda, Esq.**
**Attorney**
Guzmán Ariza, Attorneys-at-Law
A State Capital Group Law Firm
20 Pablo Neruda St.
Sosúa, Dominican Republic
Tel: (809) 571-2880 | Fax: (809) 571-2928
AMiranda@drlawyer.com | www.drlawyer.com
Other offices in Cabrera, Las Terrenas, Samaná,
San Francisco de Macorís, Santo Domingo and
Bávaro (Punta Cana), Dominican Republic.



Guzman Ariza is the exclusive member for the Dominican Republic of the State Capital Group, a seamless global network of more than 140 of the profession's preeminent independent law firms with more than 11,500 attorneys in near 450 offices around the world. By uniting their skills, expertise and influence, our member firms help individuals and leading and growing companies in every industry navigate a complex

and ever-changing legal landscape.  Member firms of the State Capital Group practice independently and
not in a relationship for the joint practice of law

This message and its attachments contain confidential information sent exclusively to its intended
recipient(s). If you are not the intended recipient, you are notified that copying, disclosing, distributing or
in any manner using its contents is strictly prohibited. Please notify the sender immediately by e-mail if you
received this e-mail by mistake and delete this e-mail from your system.

EXHIBIT C

The Final Chapter of Precedent Setting Court Proceedings Against New York Video-Pirates... es/NEW YORK, June 11 /PRNewswire/ -- 1/5/11 12:17 PM



Send a release
Member sign in
Become a member
For journalists
For bloggers
Global sites

**Search**     Advanced Search
Products & Services   News Releases

Products & Services     Knowledge Center     Browse News Releases     Contact PR Newswire

See more news releases in: Entertainment, Film and Motion Picture, Legal Issues

**Featured Video**

# The Final Chapter of Precedent Setting Court Proceedings Against New York Video-Pirates Brought on by Russian Filmmakers Commences on June 11th at the United States District Court for the Eastern District of New York



Nissan Confirms Juke-R Performance Statistics

 Like     Tweet     Share

Print    Email    RSS

Share it ∨

Blog it ∨

Blog Search ∨

**More in These Categories**

**Entertainment**

Gameloft Launches New Mobile Experience With Sprint ID

Sky Poker Team up With Guinness World Record Holder Bryan 'The Cardstacker' Berg to Build British Landmark out of Playing Cards

Bill Polian Signs On With SiriusXM NFL Radio

**Legal Issues**

**Most Read**

**Most Emailed**

**Journalists and Bloggers**



Visit PR Newswire for Journalists for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on The Digital Center.

NEW YORK, June 11 /PRNewswire/ -- The final chapter of court proceedings against Brighton Beach video-pirates brought on by Russian filmmakers will commences today at the United States District Court for the Eastern District of New York. During this hearing, which is going to set a precedent for the US justice system, the jury - for the first time ever in the US copyright cases - will review the financial claims of the Russian plaintiffs. The verdict will define the amount of damages that the major Russian plaintiffs - film companies "Mosfilm", "Lenfilm", "Krupniy plan" and their US representative company Close-Up International are entitled to.

In June of last year, the United States District Court for the Eastern District of New York has ruled in favor of Russian copyright owners, finding all their charges against the family of companies "Dom Knigi Sankt-Peterburg" and their owners to be valid. These companies are well-known in Brighton Beach as the major distributors of Russian video and audio products.

This became the very first court victory of Russian filmmakers and their US representatives Close-Up International over American video-pirates, confirming and sustaining the legal entitlement of Russian companies to the masterpieces of both Soviet and contemporary Russian movie rights, setting not only a judicial precedent but also creating a far more effective method of struggle against video piracy in the North American market - successful legal action.

The verdict of the United States District Judge David Trager, who has presided over the trial of "Dom Knigi Sankt-Peterburg" since 2002, confirmed that the plaintiffs are the owners of film copyrights and trademarks "Krupnyi plan" and "Mosfilm", and that the defendants willingly and knowingly infringed upon these copyrights and illegally used the trademarks of the plaintiffs. The United States District Judge Trager further ruled that the amount of the monetary damages that the copyrights' owners should receive will be decided by a jury. The usual and customary monetary award in the USA for one count of intentional copyright infringement is about $30,000, with the maximum award being $150,000. The court has found the defendants guilty on 383 counts of intentional copyright infringement, therefore the amount of damages to be awarded to the plaintiffs may range from 11 to 57 million dollars.

The trademark and copyright infringement lawsuit was originally filed at the US District Court Eastern District of New York on April 19, 2002. The lawsuit alleged that the owners and retailers "Dom Knigi Sankt-Peterburg" breached the legal rights of the Russian filmmakers who own the copyrights to Russian films by unauthorized duplication and distribution of Russian films in the US. The plaintiffs were the US company "Close-Up International" and the Russian companies which it represents in the US - film and video association "Krupnyi Plan" and "Film Enterprise "Mosfilm." They were also supported by the film production company "Lenfilm" which however was not a party to this lawsuit.

"Close-Up International" is an exclusive distributor of the "Golden Collection" of films by Russian film production companies "Mosfilm", "Lenfilm" and several other movie production companies. This collection contains more than 500 movie titles and includes hundreds of masterpieces of Soviet and Russian cinema and favorite films of Russian speaking viewers. The defendants in this lawsuit (which became unofficially known as

"battle for "Mosfilm") were the family of companies "Dom Knigi
"St.Petersburg" as well as its' co- owners - Joseph Berov and Natalia
Orlova. Natalia Orlova later settled with the plaintiffs.
    Extremely detrimental for the defendants were the facts that Joseph
Berov was once before found guilty by a New York Court on a count of
"video-piracy", and that in the past criminal charges were brought against
him as well.
    "Our court victory, which has set a judicial precedent, did not come
easy" - concludes Natalia Ganem of Close-Up International. Despite the
common opinion that copyright protection case law in the USA is well
established we had the burden of proof of almost everything, we basically
had to "invent the wheel" in this area of law. This case lasted more than 5
years and consumed enormous amounts of time, money and emotional
resources."
    But such lawsuits are in her opinion the "necessary evil" and
practically a staple in the film distribution business. Similar endeavors
are taking place in Canada - since the fall of 2005 Close-Up International
filed in three Courts of the Province of Ontario 22 separate federal
lawsuits against 26 retail stores, movie rental outlets and online stores
owned by immigrants from the former Soviet Union. The total amount of
damages sought is about 340 million dollars. All defendants have allegedly
violated the copyrights of Russian filmmakers.


SOURCE RusInfoService, LLC


Back to top

  in Share

Next in Entertainment News

**Custom Packages**

Browse our custom packages or
build your own to meet your
unique communications needs.

Start today.

**PR Newswire Membership**

Fill out a PR Newswire
membership form or contact us at
(888) 776-0942.

**Learn about PR Newswire
services**

Request more information about
PR Newswire products and
services or call us at (888) 776-
0942.

Free Investing
Newsletter from Investor
Uprising!

Learn to navigate the world's
financial system and profit from
leading companies.

Register for Investor Uprising,
the people's investment site, for a
free weekly newsletter,
information, education and
premium research including our
latest IU Confidential Report - "All
The Glitters: The Ultimate Gold
Report".

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog
Copyright © 2012 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Dynamic Site Platform powered by Limelight Networks.

EXHIBIT D

| | |
|---|---|
| **Subject** | Fwd: Re: Question about 3 river property. |
| **From** | <josephberov@optonline.net> |
| **Date** | Thursday, January 7, 2010 2:54 pm |
| **To** | Kamysheva Anastasia <kam_anastasia@yahoo.com> , |

----- Original Message -----
**From** <josephberov@optonline.net>
**Date** Thu, 07 Jan 2010 16:30:30 GMT
**To** miguel@drcoastalproperties.com,
**Subject** Re: Question about 3 river property.

This finka just had 6 month of total make up, including cleaning , product treatment and sawing of the seeds.
Also there were new fences installed all over the finca with new potreras all with (gravity) water access, as you know it has few gravity sources of water originating at the finca.

The minimum that will be acceptable is $ 950,000.


----- Original Message -----
From: "Miguel A. Rodriguez"
Date: Thursday, January 7, 2010 12:03 pm
Subject: Question about 3 river property.
To: Joseph Berov

> Joseph,
>
>
>
> We have a client who is looking for properties similar to 3 rios
> in Rio San
> Juan.
>
> We want to confirm if you will accept US$755,000 for it.
>
> Please let me know so I can show the property to him.
>
>
>
> Thank you!!!
>
>
>
>
>
>
>
>
>
>
>
>
>
>
>

https://uwc.webmail.optimum.net/print.html

| | |
|---|---|
| **Subject** | **Question about 3 river property.** |
| **From** | "Miguel A. Rodríguez" <miguel@drcoastalproperties.com> |
| **Date** | Thursday, January 7, 2010 11:03 am |
| **To** | Joseph Berov <josephberov@optonline.net> |
| **Attachments** | vCard(Miguel A Rodriguez) |

5K

Joseph,

We have a client who is looking for properties similar to 3 rios in Rio San Juan.
We want to confirm if you will accept US$755,000 for it.
Please let me know so I can show the property to him.

Thank you!!!



Miguel A. Rodríguez
Principal
DR Coastal Properties, S.A.

+1 (809) 589-8181 Office
+1 (809) 729-5655 Mobile
+1 (714) 243-5200 U.S.A.

miguel@drcoastalproperties.com
www.drcoastalproperties.com
Cabrera, M.T.S., Dominican Republic