SAUCHIK
LAW GROUP
Attorneys and Counselors at Law

NEW YORK OFFICE:
641 LEXINGTON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 634-6350
FACSIMILE: (212) 634-6351

WWW.KSPCLAW.COM

BROOKLYN OFFICE:
9712 THIRD AVENUE
BROOKLYN, NEW YORK 11209
TELEPHONE: (718) 787-9500
FACSIMILE: (718) 787-9502

ALEC SAUCHIK, ESQ.
ASAUCHIK@KSPCLAW.COM

February 15, 2012

**VIA ECF**

The Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Close-Up International* et al. *v. Berov* et al.
           Civil Action No. 02-cv-2363

Dear Judge Cogan:

  After our latest conference in this case, we requested that our Dominican co-counsel, the law firm of Ferrand & Ferrand, provide us with clarification on the enforceability of legal opinion letters in the Dominican Republic. Ferrand & Ferrand is a well-recognized firm in the field of civil litigation, having been in practice since 1977, and has several attorneys whose practice is devoted exclusively to litigation. The firm also consulted with Dr. Frank Reynaldo Fermin, an attorney with over 25 years of experience in the area of litigation and professor of civil law at Universidad Autonoma de Santo Domingo.

  As per the attached letter, Ferrand & Ferrand unequivocally concluded that there exists no legal authority or precedent governing the issuance or enforceability of legal opinion letters in Dominican courts. The Dominican counsel also believes that a Dominican court would not recognize a private cause of action based on a materially false (intentionally or negligently) opinion letter.

  It seems therefore that a legal opinion from a Dominican law firm, even if it were to contain the representations standard in opinion letters by United States law firms, would not be sufficient to alleviate the Court's and Close-Up's concerns. By providing such an opinion letter of zero enforceability, Mr. Berov would not come a step closer to demonstrating that he has made a good-faith effort to purge his contempt. It is also, of course, entirely possible that Mr. Berov's law firm of Guzman Ariza recognizes the legal and factual impossibility of issuing such an opinion letter since, to date, no such letter has been provided.

**SAUCHIK LAW GROUP**, P.C.

The Honorable Brian M. Cogan
February 15, 2012
Page 2 of 2

      The attached letter from our Dominican co-counsel also provides an update on the current state of due diligence concerning the Tres Rios property. From discussions with respectable surveyors, Ferrand & Ferrand determined that, unless the property has designated boundaries, it is unmarketable. The attached letter provides further clarification on the designation procedure, which can take up to one year.

      Finally, the due diligence has revealed that the land that Mr. Berov claims to be his had been sold pursuant to an earlier contract of sale to Corporacion 80954, S.A., which is apparently another one of Mr. Berov's companies. Naturally, since Corporacion 80954, S.A. has a different set of shareholders and directors than Corporacion 70201, S.A., the company that Mr. Berov has revealed as being the land-owning entity, the fact that there is a valid and enforceable contract for the purchase of the same property raises additional concerns. It is our understanding that Ferrand & Ferrand has requested urgent clarifications concerning the aforementioned issues from Mr. Berov's Dominican attorneys, but has not received a response.

      It is clear in retrospect that, by offering plaintiffs to take title to the Tres Rios property, Mr. Berov did not make a good-faith effort to purge his contempt, but rather attempted to just muddy the waters. Besides Tres Rios, he owns multiple parcels of real estate in the Dominican Republic, which are clearly of more significant value. Now that Mr. Berov has admitted to being the sole owner of Perfectsea Group Development, S.A. and other companies, we are at liberty to present to Your Honor additional documents that have been discovered over the course of this contempt proceeding, showing Mr. Berov's substantial real estate holdings in the Dominican Republic. Just one such document is attached hereto as Exhibit "B".

      In our opinion, at the very least, a good faith attempt to purge Mr. Berov's contempt would be his taking irrevocable steps (through attorneys-in-fact) to sell as many of his properties in the Dominican Republic or elsewhere as would, with certainty, yield sufficient proceeds to satisfy the entire amount of his contempt. Mr. Berov's current posture is not indicative of his good faith.

      We thank you for your consideration.

      Respectfully submitted,

      SAUCHIK LAW GROUP, P.C.

      /s/ Alec Sauchik

      Alec Sauchik (AS-5002)

cc: Adam Richards, Esq. (via ECF)

Client Files\303\01\0027004

**EXHIBIT "A"**



February 13, 2012

Mr:
Alec Sauchick
Sauchick Law Group, P.C.
641 Lexington Avenue, 15TH Floor
New York, New York 10022.

**Re: Close-Up International Inc. *et al* vs. Joseph Berov .**

Dear Mr. Sauchik,

This is in response to your inquiry concerning potential enforceability of legal opinion letters in the Dominican Republic, as well as to update you on the latest status of our due diligence with respect to the Tres Rios Property.

A. Opinion Letters

You have requested our clarification concerning statutory and precedential law in the Dominican Republic governing the issuance and potential enforceability of legal opinion letters. Specifically, you inquired whether there are any statues, case law or any other legal authority in the Dominican Republic that governs the process of a domestic law firm issuing a letter expressing a legal opinion on a subject of Dominican law, or analyzing a legal issue with respect to a particular fact pattern. You also asked us to research whether a private party to whom such opinion letter is issued, with a covenant that the party may rely on the opinion expressed in such an opinion letter, has the right to recover its damages in Dominican courts in the event that the opinion turns out to be, either negligently or intentionally, false or misleading.

Our firm extensively practices in the areas of civil litigation in the Dominican Republic. We possess considerable expertise in the area of commercial civil litigation, and have complete access to all statutes and case law in the Dominican judicial system.

In researching this matter, we reviewed the provisions of Dominican Republic Jurisprudence, Dominican Commercial Code, Dominican Civil Code, and Dominican Code of Civil Procedure. We also researched Dominican case law for any cases that specifically established precedent in this regard. We have also consulted with an expert on civil law in the Dominican Republic, Dr. Frank Reynaldo Fermín on this specific case and subject matter. (Dr. Fermín, attorney with 25 years experience and Professor at the *Universidad Autonoma de Santo Domingo*, Post Graduate Level on Civil Procedural Law).

We believe that no statute, rule or regulation governs the process or effect of issuing an opinion letter by a Dominican law firm to a private third party. Further, we did not find any cases when a Dominican court awarded damages to a private third party who relied to its detriment on a legal opinion letter that was materially false. Our expert also indicated that there exists no legal, criminal or administrative remedy in the Dominican Republic that governs the issuance of such a letter or its enforceability in Dominican courts.



We therefore conclude that, if an opinion letter in any form is issued by a Dominican law firm to a private third party, and it is proven to be materially false or misleading either through intentional or negligent misrepresentation, and the party relies on such a letter to its detriment, no private cause of action exists for the third party to whom such letter is issued, and no recovery can be possible in any Dominican court under any theory whatsoever.

B. Latest Update on Due Diligence

We urgently need to update you on two developments concerning our due diligence process. Following the latest hearing in *Close-up International et al vs Joseph Berov et al*, we have thoroughly checked and carefully reviewed the documents in our possession regarding the Tres Rios Property. We have found several documents that clearly demonstrate that the documents that Joseph Berov had offered as proof of ownership of the property are, at the very least, shady, unclear and untrustworthy, and possibly fraudulent (as seems to be the case officially). We also have documents that demonstrate that Joseph Berov had executed at least two contracts for the acquisition of the property, possibly to declare and pay less taxes, effectively performing tax fraud against the Dominican State. We have in our possession two fully executed, enforceable contracts of sale of the Tres Rios Property (lot # 99-A-ref) dated in early 2007: one to a company named Corporacion 80954 S.A., executed pursuant to a Power of Attorney signed by Mr. Berov, and another to Corporacion 70201 S.A., signed by a different director also pursuant to a Power of Attorney given by Mr. Berov. In both of these contracts, the price officially established for tax purposes was RD$ 900,000, equivalent to approximately $25,000.

In addition, we have consulted with appraisers and surveyors concerning this land. It appears that, as of now, the land does not have specific boundaries included in the title deed. Unless such boundaries are designated through a long and bureaucratic procedure at the National Surveyors office and reviewed by The office of Land Registry (procedure called ¨Deslinde¨), according to our surveyors, the Tres Rios Property is considered of **absolutely no market value** and is certainly not a candidate for a quick sale. For example, the Dominican Financial System has recently established that without this procedure, a parcel of land cannot be utilized as collateral for loans. Building permits by national and municipal authorities also require the indication of the boundaries of property included in the Title deed. This procedure usually requires a Judgment issued by a Land Court Judge, and the process usually extends for well over a year.

I hope this answers your concerns.

Best Regards,

Nathaniel H. Adams Ferrand esq.

Calle Elvira de Mendoza # 51 Segundo Nivel Zona Universitaria
Santo Domingo, República Dominicana. T:809 535 2212 F:808 689 2597
| www.ferrandlaw.com

# EXHIBIT "B"

Lic. Julio Brea

**From:** Joseph Berov [josephberov@optonline.net]
**Sent:** Miércoles, 06 de Febrero de 2008 08:58 a.m.
**To:** JULIO BREA-GUZMAN
**Subject:** please respond

2. Did you received all the documents on the house in Cabrera ?    If yes...when is the closing ?  I want no restrictions on using the house or the land..., I want to have right to improve it / build on it / rent it ...etc........ without asking permition from the seller.
 I have few corporations now...and do not want to open any more....which one you think I should use to buy the house ...and why...
What are the problems I may face later on with combining this deal with other properties?

3. I would like to know the details of all the closings in your office regarding the commission that was paid to Playa Grande / Jason.
4. I also need the phone # and names of following Sellers that I purchased the land from:

Mr. Ricardo Antonio Linares Taveras ...2,053.00 m2 road to Cristal beach

Mr. Eduardo Eladio Contreras Linares .....30,000.00 m2...Cristal beach

Mr. and Ms. Martínez ...145,336.00 m2.....Cabrera...Los Cabos

Ms. Ana Rita Acosta de Alvarado ...2,789.13 m2...P12 ...road extension

Mr. Rolando Homero González Acosta....233,068.09 m2....P12

Ms. Denisse Ducharme...377,316.00 m2...Tres Rios

Mr. Elpidio De Miguel Cabrerizo...67,000 m2...Cliff

   5. I ALSO ASKED FOR YOUR OPINION ON THE WAY TO TERMINATE AN EXCLUSIVE CONTRACT WITH PLAY GRANDE ...

I DID SENT YOU THE CONTRACT...AND MY NOTES TO PARAGRAPH # 6...ABOUT TERMINATION...

06/02/2008

# Joseph Berov

| | |
|---|---|
| **From:** | "Jose Manuel Ynfante" <jynfante@drlawyer.com> |
| **To:** | <josephberov@optonline.net> |
| **Cc:** | <jbrea@drlawyer.com> |
| **Sent:** | Tuesday, February 05, 2008 11:27 AM |
| **Subject:** | Baance of account |

Dear Mr. Berov:

The balance of account is US$151,216.00, hortly you will receive an Statemaent Account.

Bets Regards,

Lic. Jose Manuel Infante.
Accounting

From Br — $129,245.        02.01.2008

        Total  280,461        02.10.2008

        280,461  Total
Exp =   150,000  House punch.
        ———
        130,461
      −  30,000  − Rivera Dep. (Permits)
        ———
        100,461
      −  59,772  Rivera (permits)
        ———
         41,684  Rivera (House)
      −  15,000
        ———
         26,684  Balance

# SR. BEROV

## DETALLE DE LAS COMPRAS Y COMISIONES

| FECHA | VENDEDOR | SUPERFICIE | LUGAR Y/O PROYECTO | PRECIO VENTA | COMISION (US) |
|---|---|---|---|---|---|
| 09-05-2007 | Sr. Ricardo Ant. Linares Taveras | 2,053 m² | Cristal Beac | US$82,120.00 | ? |
| 22-03-2007 | Sr. Eduardo Eladio Contreras Linares | 30,000 m² | Cristal Beach | US$800,000.00 | 200,000.00 |
| 14-12-2007 | Ing. Ramón Martínez  Lic. Dalila Martínez | 140,405.02 m² | Los Cabos | 1,404,050.20 | 100,000.00 |
| 14-03-2007 | Sra. Ana Rita Acosta de Alvarado | 2,789.13 m² | Camino Acceso González | US$200,000.00 | 2,789.13 |
| 11-12-2007 | Sr. Rolando Homero González Acosta | 233,119.98 m² | Abreu | US$1,500,000.00 | ? |
| 23-03-2007 | Sra. Denisse Ducharme | 377,400 m² | Tres Ríos | US$900,000.00 | 49,813.00 |
| 21-05-2007 | Sr. Elpidio De Miguel Cabrerizo | 68,960 m² | Cobrerizo I | US$413,760.00 | 68,960.00 |

## INFORMACIONES DE LOS VENDEDORES (SR. BEROV)

| VENDEDOR | CANTIDAD Y LUGAR DE TERRENO | CEDULA | TELEFONO (S) | E-MAIL | DIRECCION |
|---|---|---|---|---|---|
| Sr. Ricardo Ant. Linares Taveras | 2,053.00 m² Cristal Beach | 060-0013762-7 | Of.809-571-0272 fax 809-571-9784 | no pr./no con. | La Llanada, Cabrera y/o Ferretería Linares |
| Sr. Eduardo Eladio Contreras Linares | 30,000 m² Cristal Beach | 060-0013810-4 | 809-589-7317 829-283-6636 | 200. con. | Calle Lorenzo Alvarez No. 24, Cabrera |
| Ing. Ramón Martínez | 2,789.13 m² Los Cabos | 001-0832406-2 | Of. 809-685-5171 ext.313 Cel. 809-224-0151 | ramon.martinez@seic.gov.do Martinez8205@hotmail.com | 9/10 |
| Lic. Dalila Martínez |  | 001-0778414-2 | 809-985-3348 809-985-3349 | dmartinez@solseguros.com.do | Calle Gala, casa No.41, Santo Domingo |
| Sra. Ana Rita Acosta de Alvarado | 2,789.13 m² P12 | 060-0009296-3 |  | $2.700 ca. | Calle Principal S/N, Las Lomas, Abreu |
| **Contacto: Rodolfo Acosta** |  |  | 809-488-6131 |  |  |
| Sr. Rolando Homero González Acosta | 233,068.09 m² P12 | 060-00005562-6 | 809-412-0707 Fax:-809-333-0707 | rgonzalez@antenalatina7.com S/7 | Gustavo Mejía Ricard No45,Ens. Naco |

| | | | |
|---|---|---|---|
| Sra. Denisse Ducharme | 377,316.00 m² Tres Ríos | | 450-548-5756 450-548-5714 | 50,000 *c* |
| Apoderado: Germain Ducharme y/ José Fco. Pereyra García | | 060-0008604-8 | 809-584-4990 809-224-8699 809-589-7882 809-836-1045 | franciscomunicaciones @hotmail.com |
| Sr. Elpidio De Miguel Cabrerizo | 67,000 m² Cliff | 060-0005807-0 | | 413.760 5/6 |

Malena — 10,000.