UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                                            :
CLOSE-UP INTERNATIONAL, INC., et al.,                       :
                                                            :     **ORDER**
                                       Plaintiffs,          :
                                                            :     02 Civ. 2363 (BMC)(JMA)
                     - against -                            :
                                                            :
JOSEPH BEROV, et al.,                                       :
                                                            :
                                       Defendants.          :
                                                            :
----------------------------------------------------------- X

Close-Up's motion for reconsideration or a stay is denied. Although Close-Up correctly points out that it did not stipulate to the Order of Release, and it was ordered over its objection, its reasons for seeking reconsideration of that Order are without merit.

First, the Court is not persuaded that the tortuous "progress" to which Close-Up refers is any progress at all. Berov has been playing this Court and Close-Up since the day the judgment was entered and he is continuing to. His presentation at the May 25 hearing confirmed this, at which he simultaneously maintained that the property he has "offered" has great value (a value which, even if credited, would only satisfy a small portion of his obligation to cure his contempt, and an even smaller portion of the judgment), while steadfastly maintaining the property cannot be sold by any broker, no matter how incentivized. It was an absurd presentation. It was clear that having manipulated this Court and Close-Up during his 18 month incarceration at the Metropolitan Detention Center, Berov was prepared to spend more years in jail rather than cure his contempt.

For this reason, the Court did not find that Berov's commitment at the hearing was "good faith." With Berov, a person for whom morality has no meaning, what the Court found

was that his commitment to observe the Court's Order was as close to good faith as he is

going to get, and that more months or years of incarceration was not going to change that.

Nothing the Court ordered effects an expungement of Berov's contempt; the Court merely

found that coercive detention was ineffective to cure it.

Lest there be any doubt about this Court's on the record Order, it is hereby clarified to

provide that Berov is enjoined from taking any action, directly or indirectly, by himself or

through any other acting at his behest, to resist enforcement efforts in the Dominican

Republic. This means he and his agents are prohibited from so much as putting in a

responsive pleading or taking any other action to oppose collection efforts there. He is

required to let all matters in the Dominican Republic that Close-Up may bring against him to

default, unless and until he obtains an Order of this Court that his contempt has been cured.

According to law, any third party who knows or has reason to know of this Order may find

himself in contempt if he willingly assists Berov in violating this injunction.

Second, I will not condition Berov's release on him disclosing his corporate interests

or providing "actual means" of Close-Up to collect on its judgment. As long as Close-Up

continues to believe that incarceration is the only way to obtain compliance with this Court's

Orders, it is the Court's finding that Close-Up will continue to fail in its efforts. Heaping

additional affirmative obligations on Berov which he can then violate would serve no

purpose. This is not to say that Close-Up is foreclosed from pursuing all of available

discovery and remedies under Rule 69(a), the C.P.L.R., or Dominican law. It is merely to

make the point that Close-Up is going to have to collect its judgment the way most judgment

creditors collect their judgments, that is, by finding the judgment debtor's property in the

hands of a third party for whom, unlike Berov, incarceration as a result of violating court

orders has some meaning, or, if real estate, by petitioning the court with control over the *res* to transfer or sell it for Close-Up's benefit.

Close-Up shall respond to Berov's turnover motion within 14 days.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
       May 29, 2012